UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GULED AHMED MOHUMUD, § | | |
| § | | |
| § | | |
| *Petitioner,* § | | |
| § | | |
| v. § | | |
| § | | |
| WILLIAM JOYCE, *in his official capacity* § | EP-18-CV-00102-DCG | |
| *as Acting El Paso Field Office Director for* § | | |
| *U.S. Immigration and Customs Enforcement;* § | | |
| DIANE WITTE, *in her official capacity as* § | | |
| *El Paso Deputy Field Office Director of* § | | |
| *Detention for U.S. Immigration and Customs* § | | |
| *Enforcement;* JOSE A. RENTERIA, *in his* § | | |
| *Official Capacity as Officer-In-Charge of El* § | | |
| *Paso Processing Center for U.S.* § | | |
| *Immigration and Customs Enforcement;* § | | |
| DONALD GEORGE, *in his Official* § | | |
| *Capacity as Assistant Officer in Charge of El* § | | |
| *Paso Processing Center for U.S.* § | | |
| *Immigration and Customs Enforcement,* § | | |
| § | | |
| *Respondents.* § | | |

## MEMORANDUM ORDER

Presently before the Court is Petitioner Guled Ahmed Mohumud's "Motion for a Temporary Restraining Order and/or Stay of Removal and Request for Emergency Hearing" ("Motion") (ECF No. 2) filed on March 29, 2018. Therein, Petitioner requests that the Court grant a temporary restraining order ("TRO") or a stay of removal preventing Respondents from deporting him.[1] Mot. at 1–3. For the reasons that follow, the Court **DENIES** Petitioner's Motion and **DISMISSES THE CAUSE WITHOUT PREJUDICE.**

---

[1] The Court notes that Petitioner's TRO does not present specific facts "by affidavit or verified complaint" as required by Federal Rule of Civil Procedure 65(b)(1)(A). However, the Court, in its discretion, will overlook this procedural defect.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute...." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (*per curiam*). Accordingly, Petitioner must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).

Thus, the threshold issue in this case is whether or not the Court has jurisdiction to hear this case. In his complaint, Petitioner alleges that the Court has federal question jurisdiction through his Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2241 et seq.; the Administrative Procedures Act ("APA"), 5 U.S.C. 701 et seq.; the United States Constitution; the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.; the Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. 100-20 (1988), 1465 U.N.T.S. 85; and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Petition at 3–4, ECF No. 1. However, "[t]he passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007). Therefore, the current state of the law is such that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

8 U.S.C. § 1252(g) (emphasis added). This prohibition extends to habeas petitions under 28 U.S.C. § 2241. 8 U.S.C. § 1252(a)(5); 8 U.S.C. § 1252(b)(9). It also extends to actions brought under CAT. 8 U.S.C. § 1252(a)(4) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment"). The Fifth Circuit has further held that the prohibition strips district courts of the jurisdiction to consider requests for a stay of removal proceedings. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (*per curiam*) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (*per curiam*) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay of the removal proceedings.").

Therefore, the REAL ID Act stripped this Court of jurisdiction to decide Petitioner's request for a stay of removal and a TRO. The Court cannot "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." *See* 8 U.S.C. § 1252(g). Further, this prohibition also strips the Court of jurisdiction to hear Petitioner's claims under the APA and the Declaratory Judgment Act. *See Rios v. Roark*, No. 310-CV-402-M, 2010 WL 2900348, at *2 (N.D. Tex. June 24, 2010) ("[T]he APA does not provide jurisdiction to review Plaintiff's claim. The APA does not apply to the extent that other 'statutes preclude judicial review' . . . . Finally, the Declaratory Relief Act also does not provide jurisdiction. As the Fifth Circuit has stated, '[a] declaratory judgment claim is not jurisdiction-conferring; there

must be an independent basis for federal jurisdiction.'"). Accordingly, 8 U.S.C. § 1252(g) has stripped the Court of jurisdiction to hear this case.

However, there is an open question as to whether 8 U.S.C. § 1252(g) is unconstitutional as applied to this set of facts under the Suspension Clause. *See* U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). The factually-analogous cases interpreting the Suspension Clause do not provide the Court with a clear answer. *See Higgins v. Strafford Cty. Dep't of Corr.*, No. 18-CV-147-PB, 2018 WL 1278302, at *2 (D.N.H. Mar. 12, 2018) (holding against jurisdiction); *Sheikh v. Sessions*, No. 17-CV-5330 (JNE/HB), 2017 WL 6033674, at *2 (D. Minn. Dec. 6, 2017) (holding the same); *Mohamed v. Sessions*, No. CV 17-5331(DSD/BRT), 2017 WL 6021293, at *2 (D. Minn. Dec. 5, 2017) (holding the same); *Ibrahim v. Sessions*, No. CV 17-5333(DSD/TNL), 2017 WL 6021314, at *2 (D. Minn. Dec. 5, 2017) (holding the same); *Adan v. Sessions*, No. CV 17-5328 (MJD/BRT), 2017 WL 6001740, at *3 (D. Minn. Dec. 4, 2017) (holding the same). *But see Sied v. Nielsen*, No. 17-CV-06785-LB, 2018 WL 1142202, at *25 (N.D. Cal. Mar. 2, 2018) (holding in favor of jurisdiction); *Ibrahim v. Acosta*, No. 17-CV-24574, 2018 WL 582520, at *6 (S.D. Fla. Jan. 26, 2018) (holding the same); *Ali v. Sessions*, No. 17-CV-5334 (PJS/KMM), 2017 WL 6205789, at *6 (D. Minn. Dec. 7, 2017) (holding the same); *Devitri v. Cronen*, No. CV 17-11842-PBS, 2017 WL 5707528, at *5 (D. Mass. Nov. 27, 2017) (holding the same); *Hamama v. Adducci*, 258 F. Supp. 3d 828, 842 (E.D. Mich. 2017) (holding the same). Nevertheless, the Court sees a distinguishing factor in this case that did not exist in the others—an immigration judge considered Petitioner's Motion to Reopen and denied it; Petitioner next filed an appeal and a Motion for a Stay of Removal before the Board of Immigration Appeals (the "BIA"); and finally, the BIA denied his Motion for a Stay of

Removal. Petition at 4; BIA Order at 1, ECF No. 5-4. The Supreme Court has held that Congress stripping federal courts of habeas jurisdiction does not violate the Suspension Clause when it provides litigants with an adequate and effective substitutionary remedy. *Swain v. Pressley*, 430 U.S. 372, 381–82 (1977). In the instant case, Petitioner had an adequate and effective substitutionary remedy. An immigration judge heard and ruled on his Motion to Reopen, and the BIA heard and denied his Motion for a Stay of Removal. Petitioner now, in essence, asks the Court to overturn the BIA's determination. Congress has explicitly stripped the Court of jurisdiction to do that. Therefore, 8 U.S.C. § 1252(g) bars the Court from hearing this case.

Accordingly, **IT IS ORDERED** that Petitioner Guled Ahmed Mohumud's "Motion for a Temporary Restraining Order and/or Stay of Removal and Request for Emergency Hearing" (ECF No. 2) is **DENIED**.

**IT IS THEREFORE ORDERED** that any and all claims against Respondents are **HEREBY DISMISSED WITHOUT PREJUDICE** because the Court does not have jurisdiction to hear this matter.

**IT IS FURTHER ORDERED** that any and all pending motions are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL CLOSE** this case.

So ORDERED and SIGNED this 28th day of March 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE